JOHN S. BLACK, ESQ.
FERMEEN FAZAL, ESQ.
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
Telephone: 713-650-8805
Facsimile: 71-750-0903

LESLIE A. COHEN, ESQ. (SBN 93698)
JAIME K. WILLIAMS ESQ. (SBN 261148)
LESLIE COHEN LAW, PC
501 Santa Monica Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 566-4367
Facsimile: (310) 432-4089

Attorneys for Matthew Minnis

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re Christopher Eberts,<br><br>Debtor.<br><br>Matthew Minnis, Plaintiff,<br>v.<br><br>Christopher Eberts, Defendant. | Case No. 2:09-bk-12534<br><br>Chapter 7<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**<br><br>Date: TO BE SET BY SUMMONS<br>Time:<br>Place: _____ |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Matthew Minnis ("Minnis") alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an adversary proceeding within the meaning of Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 151, 157, and 1334.

0071129/001/ 230733v1

2. Venue is proper in this Court under 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under title 11 which is pending in this district.

3. Minnis is informed and believes that this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (I), and (O). However, in the event that the Court finds this action to be a non-core proceeding, Minnis consents to entry of final orders or judgments by the Bankruptcy Judge.

## PARTIES

4. Minnis was, at all times herein mentioned, and now is, an individual residing in the County of Los Angeles, State of California.

5. Minnis is informed and believes that Defendant Christopher Eberts ("Eberts") was, at all time herein mentioned, and now is, an individual residing in the County of Los Angeles, State of California.

6. Minnis is informed and believes that Eberts is the debtor in a Chapter 7 case pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, case no. 2:09-bk-12534-ER and entitled "In re Christopher Eberts, Debtor."

7. Minnis is informed and believes and on that basis alleges that this bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on or about February 5, 2009.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. In May 2008, Minnis assisted Eberts in securing a $200,000 loan from Northern Trust bank. Minnis had a long relationship with the Northern Trust bank and used it to help his friend Eberts obtain the loan.

9. More specifically, on May 23, 2008, Eberts borrowed $200,000 from Northern Trust, and Minnis was listed as a guarantor on the promissory note ("Northern Trust Promissory Note"). As a guarantor, Minnis gave Northern Trust a security interest in his certificate of deposit bank account at Northern Trust to secure Eberts' indebtedness.

10. Eberts promised Minnis he would pay the Northern Trust loan back with interest on July 23, 2008 as the Northern Trust Promissory Note required. The true facts are that Eberts never intended to do so and thus made fraudulent misrepresentations to Minnis.

198822

11. Contemporaneously with Northern Trust Promissory Note, Eberts also gave a promissory note to Minnis ("Minnis Promissory Note"). The Minnis Promissory Note was dated May 22, 2008 and was executed in Los Angeles, California. The terms of Minnis Promissory Note required Eberts to: (a) pay Minnis 5% interest on the $200,000 loan from Northern Trust as consideration for Minnis co-signing on the Northern Trust Promissory Note for the first month after the Minnis Promissory Note was executed; (b) pay Minnis 10 % interest on the $200,000 loan from Northern Trust for every month after the first month that the principal owed to Northern Trust remained outstanding; and finally c) repay Minnis the $200,000 should Minnis be forced to satisfy the Northern Trust Promissory Note.

12. The Minnis Promissory Note was secured with real property located at 11496 Orum Road, Los Angeles, California ("Property") to protect Minnis in the event that Eberts did not pay back the Northern Trust Promissory Note or the Minnis Promissory Note.

13. Eberts represented that he owned the house located on the Property. Thus, the Minnis Promissory Note listed the Property as collateral, and, as such was secured by a deed of trust (with assignment of rents) executed by Eberts in favor of Minnis on the Property.

14. Minnis relied on Eberts' representations of ownership of the Property in entering into the Minnis Promissory Note with Eberts. The true facts are that Eberts either did not own the Property or knew he was about the transfer the Property, and thus, he fraudulently represented to Minnis that he would give a deed of trust to Minnis to secure the Minnis Promissory Note.

15. Eberts failed to make any payments on the Northern Trust Promissory Note. Even in the face of Eberts non-payment, Minnis obtained extensions of time from the bank in an effort to accommodate Eberts. Minnis even reminded him to stay in touch with Northern Trust.

16. The July 23, 2008 deadline to repay Northern Trust came and went without Eberts making a single payment. Ultimately Northern Trust was forced to call the note when Eberts did not pay. Minnis, as guarantor, had to pay off the Northern Trust note with interest.

17. Eberts now owes Minnis the $200,000 plus interest under the terms of the Minnis Promissory Note. Eberts has not made any payments on the Minnis Promissory Note. Again, Minnis tried to accommodate Eberts by giving him extensions. On or about December 3, 2008, Eberts promised once again

198822

to pay Minnis the $200,000 he owed (plus interest) in a letter agreement that allowed Minnis to remove artwork and guitars from Eberts' office if payment was not made.

18. As Minnis urged Eberts to meet his repayment obligations, Eberts continued to make false and fraudulent representations by repeatedly promising that Minnis would have the money owed "tomorrow" or "in the next few days." In addition, Eberts lied and said he had sent a wire transfer for the monies owed, gave false wire numbers, and insisted his checks to the bank had cleared. Eberts made fraudulent misrepresentations about alleged transactions that he had "just recently closed" as he assured Minnis the money would be available shortly, and made false promises that he would sell his membership in the Bel Air Country Club to satisfy part of his indebtedness.

19. Eberts has not made even one payment on the Minnis Promissory Note. Interest continues to accrue. The Minnis Promissory Note provides that failure to make any payment constitutes an event of default. In the event of default, the Minnis Promissory Note permits Minnis to accelerate payment, and demand the immediate payment of all sums due and payable. That demand was made in state court,[1] and prompted Eberts to file Chapter 7 bankruptcy.

20. The Minnis Promissory Note also provides that in the event of a default, Minnis is permitted to dispose the Property as the collateral under the Minnis Promissory Note. When Eberts failed to make timely payments, Minnis repeatedly explained that he would have to foreclose on the Property to satisfy the Minnis Promissory Note. Eberts always led Minnis to believe that he owned the property and the foreclosure was expected. Accordingly, Minnis filed a Notice of Lis Pendens notifying all third parties of the rights hereunder. Minnis has not yet taken possession of the Property and but has not waived any of his rights under the Original Note.

21. Minnis now believes that Eberts either never owned the Property used to secure the note or he intended to transfer it without granting Minnis the promised security. Eberts knowingly falsified the deed of trust paperwork and fraudulently represented that Minnis could foreclose on the Property to satisfy at least part of his obligations under the Minnis Promissory Note. Had Minnis known that Eberts intended to obtain

---

[1] The Original Note requires, among other things, that suit be filed in the "Central District of the Superior Court of Los Angeles County."

4

the $200,000 loan by false pretenses and false representations, Minnis would never have entered into the Original Note, or assisted Eberts in securing the loan by co-signing the Northern Trust documents. Minnis would also not have given his former friend extensions on the amounts due and would not have relied on foreclosure on the Property as a way to be made whole.

22. This suit is filed in order to enforce Eberts' promises, obtain judgment on the Minnis Promissory Note, foreclose on the Property, and to be made whole for Eberts' intentionally fraudulent misrepresentations. Minnis seeks to collect damages for fraud and breach of contract. The Minnis Promissory Note provides that Eberts shall be responsible for any costs of collection associated with the prosecution of this debt, including costs of court, attorneys' fees, and any other expenses. Accordingly, this suit seeks to collect those amounts as well.

23. The claims for these monies should not be dischargeable in bankruptcy because of the fraud exception to dischargeability. See 11 U.S.C. § 523(a)(2) and § 523 (a)(4)(debts to obtaining property, services and money under false pretenses and by fraud are not dischargeable in a bankruptcy case).

## FIRST CLAIM FOR RELIEF

(False Representations and Actual Fraud)

[11 U.S.C.§ 523(a)(2)(A) and §523 (a)(4)]

24. Paragraphs 1 through 23 above are incorporated by this reference.

25. Eberts affirmatively represented to Minnis that it was his intention upon of execution of the Original Note and Deed of Trust that it would promptly pay Minnis back the money he had lent. This representation was made before and during the execution of the Original Note and when Minnis was co-signing.

26. Eberts affirmatively represented to Minnis that he was in good financial condition and that he owned the Property. Minnis, in reliance on Eberts' representations regarding ownership of the Property, entered into the Original Note and co-signed for Eberts' loan.

27. These representations made by Eberts were knowingly false when made and Eberts had no intention to perform on his promises to repay the Original Note and grant a security interest in the Property to secure it. As to some or all of the terms of Original Note, Minnis is informed and believes and thereon alleges

5

198822

that at the time of and subsequent to the execution of the Note, and not withstanding the representations made by the Ebert to Minnis, Ebert had no intention of abiding by the terms of the agreement.

28. Minnis, without knowledge of the falsity of Defendant's representations and omissions, relied upon said representations.

29. Minnis alleges that when Ebert made such representations, he knew those representations to be false.

30. As alleged herein, Ebert's conduct as alleged herein amounts to obtaining property, services and money under false pretenses and by fraud. Pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4) said debts are not dischargeable in defendant's bankruptcy case.

31. As a proximate result of Ebert's fraud, Minnis has been damaged in an amount to be determined at trial in excess of $600,000.

32. Ebert's conduct was fraudulent, malicious, oppressive and evidences a conscious disregard for Minnis' rights. By virtue of such conduct, Minnis is entitled to an award of punitive and exemplary damages to be determined at trial.

## SECOND CLAIM FOR RELIEF

(For Breach of Contract)

[11 U.S.C. § 523 (a)(2) and § 523 (a)(4)]

33. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraph 1 though 30, inclusive, above as though set forth in full.

34. At the time Eberts entered into the Original Note and signed the Deed of Trust with Minnis, he did not plan on making any payments. .

35. Eberts breached the contract he had with Minnis regarding repayment.

36. Pursuant to 11 U.S.C. § 523(a)(2) and § 523 (a)(4) said debt is not dischargeable in Defendant's bankruptcy case.

37. As a proximate result of Ebert's actions, Minnis has been damaged in an amount to be determined at trial in excess of $600,000. The damages amount includes principal, interest, costs, and attorneys fees.

WHEREFORE, Plaintiff prays for relief on all causes of action as follows:

198822

1. That the Court enter judgment in favor of Minnis and against Eberts for compensatory and punitive damages for breach of contract and fraud, in amount to be determined by proof at time of trial, but for a sum of not less than $600,000;

2. For interest on the entire amount at the legal rate from the date of judgment until paid;

3. For costs of suit herein incurred;

4. That the Court determine and order that all amounts owed Minnis whether as damages or as otherwise determined by the Court shall be excepted from discharge in accordance with 11 U.S.C. §523(a)(2) and §523(a)(4);

5. For such other and further relief as to which Minnis may be entitled.

Dated:

Gibbs & Bruns LLP
Leslie Cohen Law, PC

By: *John Black* /by permission
JOHN S. BLACK, ESQ.
FERMEEN FAZAL, ESQ.
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
Telephone: 713-650-8805
Facsimile: 713-750-0903

LESLIE A. COHEN, ESQ. (SBN 93698)
JAIME K. WILLIAMS, ESQ. (SBN 261148)
Leslie Cohen Law, PC
501 Santa Monica Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 566-4367
Facsimile: (310) 432-4089

Attorneys for Matthew Minnis

7

198822

| In re: | CHAPTER 7 |
| Christopher A. Eberts                                        Debtor(s). | CASE NUMBER 2:09-bk-12534 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
501 Santa Monica Blvd., Suite 700, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 3, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michelle E Goodman   mgoodman@hamricklaw.com
- Kenneth C Greene   kgreene@hamricklaw.com
- Mark S Horoupian   mhoroupian@sulmeyerlaw.com
- Brad Krasnoff   krasnoff@lbbslaw.com
- John F Kurtz   jkurtz@hawleytroxell.com
- Scott Lee   slee@lbbslaw.com
- Joe M Lozano   notice@NBSDefaultServices.com
- Jason M Rund   trustee@srlawyers.com, jrund@ecf.epiqsystems.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ June 3, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

John Black
jblack@gibbs-bruns.com

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          **F 9013-3.1**

| In re: Christopher A. Eberts | Debtor(s). | CHAPTER 7 |
|---|---|---|
| | | CASE NUMBER 2:09-bk-12534 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/3/09 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| FORM B104 (08/07) | | 2007 USBC, Central District of California |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| PLAINTIFFS<br>Matthew Minnis | DEFENDANTS<br>Christopher Eberts |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>John S. Black<br>Gibbs & Bruns LLP<br>1100 Louisiana, Suite 5300, Houston, TX 77002<br>(713) 650-8805<br><br>Leslie A. Cohen<br>501 Santa Monica Blvd, Suite 700, Santa Monica, CA 90401<br>(310) 566-4367 | ATTORNEYS (If Known)<br>Mark Horoupian<br>333 South Hope Street Thirty-Fifth Floor<br>Los Angeles, CA 90071-1406<br>213.617.5240 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine non-dischargeability of debt pursuant to 11 U.S.C. 523(a)(2) and 523(a)(4)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ not less than $600,000 |

American LegalNet, Inc.
www.FormsWorkflow.com

| Other Relief Sought |
|---|
| Order that damages be excepted from discharge in accordance with 11 U.S.C. 523(a)(2) and 523(a)(4) |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Christopher A. Eberts | **BANKRUPTCY CASE NO.** <br> 2:09-bk-125234 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Ernest M. Robles |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*John Black* /by permission/ *[signature]*

| DATE <br> 6/3/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> John S. Black |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc. <br> www.FormsWorkflow.com

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| John S. Black<br>Gibbs & Bruns<br>1100 Louisiana, Suite 5300, Houston, TX 77002<br>(713) 650-8805<br><br>Leslie A. Cohen (SBN 93698)<br>501 Santa Monica Blvd, Suite 700, Santa Monica, CA 90401<br>(310( 566-4367<br>*Attorney for Plaintiff* Matthew Minnis | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Christopher A. Eberts | CHAPTER 7<br>CASE NUMBER 2:09-bk-12534 |
|---|---|
| Debtor. | ADVERSARY NUMBER |
| Matthew Minnis<br><br>Plaintiff(s),<br>vs.<br>Christopher Eberts<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| Christopher A. Eberts | Debtor(s). | 2:09-bk-12534 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
501 Santa Monica Blvd., Suite 700, Santa Monica, CA 90401

A true and correct copy of the foregoing document described as  Summons and Notice of Status Conference
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)   **F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com